[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11763
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 29, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-00506-ODE-LTW-1

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

              versus

DONEY ALEXANDER PINEDA-FUENTES,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 29, 2010)

Before TJOFLAT, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

       Defendant-appellant Doney Alexander Pineda-Fuentes was deported to

Honduras in 2006 after being convicted of sexual battery. He illegally reentered the United States the following year. In 2009, he was arrested in connection with a state charge of battery that was later dismissed. He was then charged in federal court with illegal reentry, in violation of 8 U.S.C. § 1326(a), and he pleaded guilty.

The district court determined Pineda-Fuentes' sentencing guideline range as 46 to 57 months' imprisonment. The statutory maximum sentence under § 1326 is twenty years' imprisonment. Pineda-Fuentes argued that the court should vary downward from the guideline range because he had returned to the United States to visit his son, who required multiple surgeries to correct a cleft palate. After considering all of the sentencing factors, the district court determined that a guideline sentence was necessary to deter Pineda-Fuentes from committing future crimes. The court sentenced him to 46 months' imprisonment.

We review the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). Under the abuse of discretion standard, we will affirm the sentence "unless we find that the district court has made a clear error of judgment." *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (*en banc*). "[W]e will not second guess the weight (or lack thereof) that the [district court] accorded to a given factor . . . as long as the sentence ultimately imposed is reasonable in light of *all* the

circumstances presented." *United States v. Snipes*, 611 F.3d 855, 872 (11th Cir. 2010) (quotation omitted).

The district court is required to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in" 18 U.S.C. § 3553(a)(2). 18 U.S.C. § 3553(a). The § 3553(a)(2) purposes include the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from the defendant's future criminal conduct, and provide the defendant with needed educational or vocational training or medical care. 18 U.S.C. § 3553(a)(2). The court must also consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

We determine whether a sentence was substantively reasonable by examining the sentence in light of the record and the § 3553(a) factors. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). "The party challenging a sentence has the burden of establishing that it was unreasonable." *Snipes*, 611 F.3d at 872.

Here, we conclude that the sentence imposed is reasonable and Pineda-Fuentes has not shown otherwise. The 46-month sentence represented the lowest sentence within the applicable guideline range and we ordinarily expect such a sentence to be reasonable. *United States v. Alfaro-Moncada*, 607 F.3d 720, 735 (11th Cir. 2010). Pineda-Fuentes's sentence was also well below the 20-year statutory maximum penalty, further indicating that it was a reasonable sentence. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008), *cert. denied*, 129 S.Ct. 2848 (2009). In addition, the sentence met the § 3553(a) sentencing goals; considering Pineda-Fuentes's criminal history and disregard for the criminal and immigration laws of the United States, a sentence within the guideline range was necessary to promote respect for the law, provide just punishment, deter Pineda-Fuentes from further criminal activity, and protect the public. Furthermore, although Pineda-Fuentes argues that his guideline sentence was unreasonably long, his low-end sentence indicates that the court considered Pineda-Fuentes's characteristics, history, and reason for returning to the United States. We will not re-weigh these factors. *Snipes*, 611 F.3d at 872. Accordingly, the sentence is

**AFFIRMED.**